UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACY S. LANDRY, as Personal
Representative of the Estate of TODD
JOSEPH LANDRY, deceased,

          Plaintiff,

-vs-                                      Case No.: 6:02-cv-691-Orl-28JGG

THE UNITED STATES OF AMERICA,

          Defendant.
_____

## ORDER

Plaintiff Tracy Landry ("Plaintiff"), as personal representative of the Estate of Todd Joseph Landry ("Decedent"), brought the instant wrongful death action against Defendant the United States of America ("Defendant") pursuant to jurisdiction accorded by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et. seq. Plaintiff alleges that the negligence of air traffic controllers employed by Defendant through the Federal Aviation Administration ("FAA") proximately caused a fatal collision between Decedent's aircraft ("the Cadet") and another aircraft ("the Seminole") on December 3, 1999.

This cause is before the Court on Defendant's motion in limine to preclude Plaintiff's expert witness, Richard Burgess' ("Burgess"), from utilizing diagrams which show the approximate flight paths of the Cadet and Seminole prior to their collision. Doc. 69, Exs. A, B, C, & D to Ex. 1. Defendant contends that, because Burgess has been identified only as an expert in air traffic control and not as an expert in the reconstruction of aircraft accidents,

he should not be permitted to rely on any diagrams or data concerning the trajectories of aircraft prior to collision. In response, Plaintiff maintains that Burgess intends to use the diagrams solely as means to illustrate the FAA controllers' breach of duty and not as evidence of the precise trajectories of the colliding aircraft.

The parties appear to be in agreement that Burgess is not a flight accident reconstruction expert and, therefore, cannot testify as to the precise pre-collision trajectories of the Cadet and Seminole. The only remaining issue, then, is whether Burgess can utilize the flight pattern diagrams merely as demonstrative aids in analyzing the conduct of the FAA controllers. Plaintiff asserts that the diagrams will assist Burgess in explaining what the controllers' duties were at relevant times. Doc. 77 at 3. The Court find that this is a reasonable and, thus, permissible use of the diagrams given the intended scope of Burgess' testimony. Defendant's motion in limine (Doc. 69) is, therefore, **DENIED** to the extent that it seeks to preclude Plaintiff from using the trajectory diagrams as demonstrative aids.[1]

---

[1] Defendant's concern that Plaintiff intends to use the diagrams "to show that the Cadet's pilot was not at fault" is unfounded. Should Defendant's hypothetical concern prove true, however, the Court is quite capable of limiting Plaintiff's testimony in accordance with this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __28__ day of April, 2005.

```
_____
JOHN ANTOON II
United States District Judge
```

Copies furnished to:
Counsel of Record
Unrepresented Party